UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRACE M. REISLING,<br>  2511 E. Randolph Avenue<br>  Alexandria, Virginia  22301,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL B. MUKASEY,<br>  In His Official Capacity as United States<br>  Attorney General,<br><br>      Defendant.<br><br><u>Serve:</u><br>  Hon. Michael B. Mukasey<br>  Attorney General of the United States<br>  United States Department of Justice<br>  Office of the Attorney General<br>  950 Pennsylvania Avenue, N. W.<br>  Washington, D. C.  20530-0001<br><br><u>Also Serve:</u><br>  Hon. Kenneth L. Wainstein<br>  United States Attorney<br>    for the District of Columbia<br>  555 4th Street, N. W.<br>  Washington, D. C.  20001-2733 | Civil Action No. _____ |

## COMPLAINT

(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON
SEX, AND UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES)

COMES NOW the Plaintiff in this matter, Grace M. Reisling, by and through

counsel, to bring this Federal District Court lawsuit against the aforenamed Defendant,

and in furtherance hereof states as follows:

I.  JURISDICTION

1.  Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Grace Reisling was unlawfully discriminated against in the course of her employment with the United States Government on the basis of sex (female), and was further subjected to unlawful retaliation in employment for engaging in protected EEO activities, as set forth herein.

II.  VENUE

2.  Venue is proper before this Court because the Defendant maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

III.  PARTIES

3.  Plaintiff Grace M. Reisling is a female currently domiciled in Alexandria, Virginia, and who for all times relevant herein was employed on a full-time basis as an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency under the United States Department of Justice ("DOJ").  At all times relevant to

this lawsuit, Plaintiff Reisling was assigned for her professional work to the Federal Bureau of Investigation (hereinafter "FBI"), also an agency under DOJ.

4. Defendant Michael B. Mukasey is the Attorney General of the United States and, as such, is the Defendant only in his official capacity as Attorney General. Mr. Mukasey is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subordinate agency, the Federal Bureau of Investigation. The FBI, which is the principal subject of the allegations made herein, has its headquarters located at 935 Pennsylvania Avenue, N. W., Washington, D. C. 20535.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The bases of this case are Plaintiff's ongoing claims of unlawful discrimination based upon sex (female), and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow. During the periods of time alleged in the course of this Complaint, Plaintiff Reisling was employed as a Senior Special Agent, Grade GS-14, with ATF; and was on an assignment with the FBI.

6. On or about December 19, 2006, Plaintiff Reisling contacted her ATF supervisor regarding alleged improper, discriminatory and hostile behavior by her FBI supervisor on her work assignment. Subsequent complaints were rendered to both FBI and ATF EEO offices regarding continuing discrimination and, following her initial informal complaints, subsequent unlawful retaliation by senior officials of the FBI for the prior protected EEO activities.

7. Plaintiff Reisling filed a Formal Complaint against the FBI on March 14, 2007, based upon unlawful discrimination based upon sex (female) and unlawful retaliation in Federal employment (Agency Complaint No. F-07-6301, as amended).

3

8. The issues initially accepted for investigation were presented to Plaintiff Reisling by the United States Department of Justice, Federal Bureau of Investigation EEO Office by letter dated June 14, 2007.  The FBI's statement of issues was substantially challenged by Plaintiff, through counsel, by correspondence dated July 20, 2007.  By acknowledgement letter, the Defendant Agency's EEO office modified, but still insufficiently, the stated scope of the Plaintiff's EEO complaints.   In the meantime, Plaintiff Reisling had rendered a detailed and sworn Statement Under Penalty of Perjury which explained each and every facet of her allegations initially raised with FBI and ATF officials and her EEO counselors.

9. Plaintiff Reisling now timely brings this Federal District Court action more than 180 days following her initial formal Complaint, and prior to the Agency completing a full investigation of her allegations.

V. BACKGROUND

10.  Plaintiff Reisling entered on duty with ATF as a Special Agent on February 28, 1988, and she was promoted to Senior Special Agent status in April 2000.

11.  In September 2003, Plaintiff Reisling was selected to represent ATF on the FBI's Critical Incident Response Group (CIRG), Behavioral Analysis Unit 1 (BAU1), Quantico, Virginia.  Since Plaintiff Reisling's arrival in Quantico, the following FBI managers have served as her direct FBI supervisor:  Unit Chief (UC) Steven Etter (retired), and UC David Resch.

12. Plaintiff Reisling's duties at BAU1 included, but were not limited to, providing bombing and arson crime analysis, threat assessments, statement analysis,

investigative strategy, interview techniques, and prosecution and trial strategies to Federal, State and international law enforcement personnel.

13. During the full tenure of Plaintiff Reisling at BAU1, and prior to December 2006, Plaintiff Reisliing had received outstanding performance evaluations and appraisals from FBI officials relating to her job performance, work products, professionalism and conduct.

14. On November 29, 2006, at the prior request of Dr. Kristen Beyer, Ph.D., FBI, Behavioral Analysis Unit 3 (BAU3), and Dr. Maureen Christian, Marymount College (Arlington, Virginia) Forensic Psychology Department, Plaintiff Reisling presented a course of instruction at Marymount College in support of the graduate Forensic Psychology Program. Plaintiff Reisling had conducted such courses at Marymount College for six consecutive semesters, beginning in 2004.

15. In early December 2006, Plaintiff Reisling submitted her monthly statement of BAU1 accomplishments to Ms. Mary Beth Taylor of BAU1. This submission included reference to the presentation at Marymount College of November 29, 2006.

16. On December 13, 2006, FBI Unit Chief Resch advised Plaintiff Reisling that she had to obtain his personal authorization to instruct courses at Marymount College in Arlington, Virginia. Plaintiff Reisling previously had served as an instructor without such specific prior authorization from UC Resch, and with the specific knowledge and approval of other responsible FBI officials.

17. In response to this directive by FBI Unit Chief Resch, Plaintiff Reisling requested that UC Resch put such a requirement in writing, so that there would be no

5

confusion or question as to the apparently new requirement that Plaintiff Reisling receive the specific approval of UC Resch prior to accepting such instructor engagements.

18. FBI Unit Chief Resch refused to provide any written verification of the newly imposed requirement that Plaintiff Reisling obtain his personal approval for such speaking engagements, and did not address the matter directly with Plaintiff Reisling again.

19. On December 16, 2006, while Plaintiff Reisling was traveling in California on official business, she received a telephone call from Dr. Kristin Beyer, BAU3, inquiring if any issues regarding her performance of duties had been addressed with Plaintiff Reisling by any of her FBI supervisors. Plaintiff responded that no one had raised any such issues.

20. Plaintiff Reisling was further informed by Dr. Beyer that adverse comments regarding her professionalism and past job performance had been made to Dr. Beyer by FBI Assistant Special Agent in Charge (ASAC) John Hess, citing *inter alia* the allegedly unauthorized period of instruction by Plaintiff Reisling on November 29, 2006, at Marymount College. Dr. Beyer further informed Plaintiff Reisling that these allegations were contrived and false, and that FBI Unit Chief Resch had initiated such actions.

21. On or about December 14, 2006, and January 5, 17, 23 and 24, 2007, and including other dates and instances, FBI senior managers and officials, including specifically UC Resch and ASAC John Hess, made these and other contrived and false adverse allegations regarding Plaintiff Reisling's performance of duties to ATF officials and to non-supervisory FBI personnel.

22. On December 19, 2006, Plaintiff Reisling contacted her ATF supervisor, Arson and Explosives Enforcement Branch (AEEB) Chief Christopher Porreca, to advise ATF Branch Chief Porreca of Plaintiff's concerns regarding the hostile behavior towards her by FBI Unit Chief Resch. Such behavior was, according to Plaintiff Reisling, a continuation and reflection of a pattern of hostile behavior towards female employees in BAU3 by UC Resch. Further, this pattern of hostile behavior by UC Resch was known by FBI Assistant Special Agent in Charge (ASAC) Hess, who was UC Resch's immediate supervisor, and who refused to take action regarding such conduct by UC Resch.

23. At this meeting on December 19, 2006, Plaintiff Reisling told ATF Branch Chief Porreca that she feared for further hostility and retaliatory actions by FBI Unit Chief Resch and FBI ASAC Hess.

24. In late December 2006, Plaintiff Reisling obtained an e-mail message from Dr. Beyer which was forwarded by FBI Unit Chief Resch to Dr. Beyer on September 29, 2006. The message forwarded to Dr. Beyer from UC Resch was a prior message sent to UC Resch from FBI ASAC Hess, which had been sent to all FBI Unit Chiefs advising them that ASAC Hess had researched the issue of guest speakers at Marymount College, and that there were no ethics issues involved in such speaking engagements. Further, FBI ASAC Hess stated to UC Resch that ASAC Hess did not care who Dr. Beyer asked to speak at the graduate course at Marymount, and that he did not want to curtail such speaking engagements "because some people are pissed off that they weren't asked to speak."

25. On January 5, 2007, FBI Unit Chief Resch circumvented established ATF chain-of-command procedures and directly contacted ATF Arson and Explosives Programs Division (AEPD) Chief Joseph Riehl to inform ATF Division Chief Riehl of alleged performance deficiencies by Plaintiff Reisling. Such allegations were, in every respect, false and unwarranted.

26. On January 8, 2007, Plaintiff Reisling met with ATF AEPD Deputy Division Chief Mark Jones and Branch Chief Porreca to discuss the ongoing hostile and retaliatory actions by FBI Unit Chief Resch against her. During this meeting, Plaintiff Reisling provided detailed information regarding her FBI case work, training, presentations given, and additional job activities between October 2003 through the date of the meeting. At this time, Plaintiff Reisling also presented to ATF Deputy Division Chief Jones and Branch Chief Porreca a copy of the message given to her by Dr. Beyer dated September 29, 2006, confirming that there should have been no material issue with the FBI regarding Plaintiff Reisling speaking at Marymount College.

27. On January 17, 2007, ATF Deputy Division Chief Jones met with FBI ASAC Hess. On information and belief, FBI ASAC Hess apologized for Unit Chief Resch's disregard of the ATF chain-of-command with respect to the previous contact from UC Resch to ATF Division Chief Riehl regarding UC Resch's generalized complaints with respect to Plaintiff Reisling. Additionally, FBI ASAC Hess did not provide to ATF Deputy Division Chief Jones at this meeting any details regarding any alleged performance deficiencies of Plaintiff Reisling.

28. At the meeting of January 17, 2007, FBI ASAC Hess stated to ATF Deputy Division Chief Jones that FBI UC Resch had recommended the transfer of Plaintiff

Reisling from the FBI's Critical Incident Response Group Behavioral Analysis Unit (CIRG BAU) back to ATF. ATF Deputy Chief Jones advised FBI ASAC Hess that Plaintiff Reisling did not desire such a transfer, and that there had been no reported problems communicated by the FBI to ATF regarding Plaintiff Reisling's work performance or conduct. Further, ATF Deputy Chief Jones informed FBI ASAC Hess that UC Resch had not given directly any assignments to Plaintiff Reisling in months; that UC Resch had been avoiding contact with Plaintiff Reisling; and that UC Resch's behavior towards Plaintiff Reisling was in apparent retaliation for Plaintiff Reisling's conduct of the Marymount College class – which had been fully authorized by the FBI and by ASAC Hess himself.

29. On January 20, 2007, a prospective meeting was scheduled for January 23, 2007, at 10:30 a.m., involving FBI Branch Chief Porreca and ATF Unit Chief Resch. Plaintiff Reisling initially requested her attendance also at such meeting. At 11:30 a.m., however, Branch Chief Porreca informed Plaintiff Reisling that UC Resch and Branch Chief Porreca had met briefly earlier that day, that UC Resch had raised certain new allegations regarding Plaintiff Reisling's work performance, and that any further meeting had been postponed in order for UC Resch to obtain for Branch Chief Porreca evidence or documentation regarding such allegations of work performance. Among issues raised by UC Resch was an alleged example of "borderline insubordination" by Plaintiff Reisling with respect to UC Resch. Plaintiff Reisling informed Branch Chief Porreca that such allegation was demonstrably false and contrived. Plaintiff Reisling also informed Branch Chief Porreca that she would not consent to a voluntary transfer out of the FBI CIRG BAU because such transfer was unwarranted and caused entirely by UC Resch's

9

continuing irresponsible, unjustified and hostile treatment towards her and other females within the BAU.

30. On January 24, 2007, Plaintiff Reisling contacted the FBI Office of Equal Employment Opportunity (EEO) to obtain further information regarding filing an EEO complaint against her FBI supervisors. FBI EEO Counselor Madeline Lewis subsequently was contacted by Plaintiff, and a full report of the ongoing situation with respect to FBI UC Resch and FBI ASAC Hess was submitted.

31. Later on January 24, 2007, Plaintiff Reisling met with ATF Deputy Division Chief Jones and ATF Branch Chief Porreca to discuss the outcome of a meeting they had held that day with FBI ASAC Hess and FBI Unit Chief Resch to discuss the ongoing situation with Plaintiff Reisling. ATF Deputy Division Chief Jones and ATF Branch Chief Porreca stated to Plaintiff Reisling that the meeting had not reached any resolution, and that the FBI officials were continuing to demonstrate hostility towards Plaintiff Reisling. FBI Unit Chief Resch had stated to ATF Deputy Division Chief Jones and Branch Chief Porreca that he "did not want [Plaintiff Reisling] on his team." Further, FBI UC Resch and ASAC Hess demanded the removal of Plaintiff Reisling from the FBI's CIRG BAU, which ATF DDC Jones and BC Porreca refused to do because Plaintiff Reisling had done nothing wrong. Additionally, ATF Deputy Division Chief Jones informed FBI ASAC Hess that this suggested removal constituted unfair treatment of Plaintiff Reisling; that the FBI should not conduct business in this manner; and that the real issue was a personality problem with FBI Unit Chief Resch, rather than a performance issue involving Plaintiff Reisling.

32.  Later on January 24, 2006, or backdated to that date, FBI ASAC Hess apparently prepared a letter addressed to ATF Deputy Division Chief Jones directing the removal of Plaintiff Reisling from the FBI's Critical Incident Response Group Behavioral Analysis Unit 1 (CIRG BAU1).  In such letter, ASAC Hess stated that "SA Grace Reisling has not been successful in her performance as an understudy arson/bombing profiler."

33.  The document from FBI ASAC Hess terminating Plaintiff Reisling subsequently was faxed to ATF Deputy Division Chief Jones at ATF Headquarters on January 26, 2007.  ATF DDC Jones subsequently advised FBI ASAC Hess that, because of a compassionate leave situation, Plaintiff Reisling would not be able to vacate the FBI work premises until her return from leave.

34.  Subsequent to January 26, 2007, Plaintiff Jones has been subjected to further retaliatory actions by FBI ASAC Hess and FBI Unit Chief Resch in their communication of adverse and false comments regarding her work performance and reasons for departure from her FBI position.

35.  Subsequent to Plaintiff Reisling's removal from her FBI position, she has suffered a disruption of her career endeavors while being detailed to a lower graded Program Manager position within ATF Headquarters for a year; and has had to remove herself from graduate school at a personal financial loss.

36.  Plaintiff Reisling also has had to combat subsequent efforts by FBI ASAC Hess and FBI Unit Chief Hess to impugn her reputation, including the failure of these FBI officials to provide factually correct input into Plaintiff Reisling's applicable performance appraisal for the last months of her service and tenure with the FBI.

37. The discriminatory and retaliatory actions taken by FBI Unit Chief Resch against Plaintiff Reisling have also caused to Plaintiff mental pain and suffering and job-related stress. Such pain and suffering and stress were unduly and improperly generated by UC Resch and his supervisor, FBI ASAC Hess, who refused to take remedial and corrective action regarding the unlawful discriminatory and retaliatory actions of UC Resch.

38. The discriminatory and retaliatory actions taken by FBI Unit Chief Resch against Plaintiff Reisling because of her sex (female) reflects similar and contemporaneous discriminatory and retaliatory treatment of other females within the BAU units of the FBI by Unit Chief Resch. Such discriminatory and retaliatory actions include similar unlawful conduct based upon discrimination (based upon sex) and retaliation directed towards Dr. Kristen Beyer, and other female BAU personnel, and have been reported to Ms. Tina Chlosta of the FBI Ombudsman Office. In all such instances, FBI ASAC Hess has refused to take any remedial or disciplinary action towards FBI Unit Chief Resch, despite his personal knowledge of such continuing unlawful conduct by UC Resch.

COUNT I – UNLAWFUL DISCRIMINATION BASED UPON SEX

39. Paragraphs 1 through 38 are herein incorporated by reference.

40. The actions detailed herein constituted unlawful discrimination based upon sex (female) committed by the Agency, its agents and employees, against the Plaintiff.

41. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT II --- UNLAWFUL RETALIATION
OR REPRISAL FOR PROTECTED EEO ACTIVITIES

42. Paragraphs 1 through 41 are herein incorporated by reference.

43. The actions detailed herein constituted acts of unlawful retaliation for protected EEO activities against Plaintiff Reisling commited by the Agency, its agents and employees.

44. Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Grace Reisling respectfully requests that this Court enter judgment against Defendant and grant Plaintiff Reisling the following relief:

a. Full and immediate reinstatement of Plaintiff Reisling's assignment with the FBI's Critical Incident Response Group Behavioral Analysis Unit (CIRG BAU);

b. Payment of compensatory damages in the amount of at least $300,000.00;

c. Correction of Plaintiff Reisling's Agency Official Personnel File, personnel records and financial records, and performance appraisals, to eliminate all references to the cited removal actions; and,

d. Reimbursement and payment of all reasonable attorneys' fees and costs of litigation in pursuing Plaintiff's claims at the administrative and judicial levels.

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,

_____
MICHAEL W. BEASLEY
D. C. Bar No. 248930
200 Park Avenue, Suite 106
Falls Church, VA  22046
Phone:  (703) 533-5875
Fax:  (703) 533-5876
Cell:  (703) 994-2524
E-Mail:  beasleys2@verizon.net

Counsel for Plaintiff Grace M. Reisling

14

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-2165

## I (a) PLAINTIFFS
Grace M. Reisling

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Fairfax, VA
(EXCEPT IN U.S. PLAINTIFF CASES) 88860

## DEFENDANTS
Michael B. Mukasey, as U.S. Attorney General

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael W. Beasley, ESQ.
200 Park Ave., St. 106
Falls Church, VA 22046  (703) 994-252

Case: 1:07-cv-02165
Assigned To : Bates, John D.
Assign. Date : 11/30/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)*  OR  ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(2)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000 Title VII of Civil Rights Act of 1964; 42 USC § 1981; Discrimination and Retaliation in Federal Employment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000 +   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES ☒ NO   If yes, please complete related case form.

DATE 11/30/2007   SIGNATURE OF ATTORNEY OF RECORD  Michael W. Beasley

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd