# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **GRACE M. REISLING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-02165 (JDB)** |
| ) | |
| **MICHAEL B. MUKASEY,** ) | |
| **Attorney General of the United States** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

---

## DEFENDANT'S MOTION TO DISMISS OR, IN THE
## ALTERNATIVE, TO TRANSFER

Defendant Michael B. Mukasey, Attorney General of the United States and head of the

United States Department of Justice ("Defendant"), respectfully moves to dismiss Plaintiff's

Complaint, or in the alternative, to have the case transferred to the United States District Court

for the Eastern District of Virginia, the only jurisdiction in which venue is proper. In support of

this motion, Defendant respectfully refers the Court to the attached memorandum of points and

authorities.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6078

Of Counsel:
JON A. MELLIS
Assistant General Counsel
Federal Bureau of Investigation

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GRACE M. REISLING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-02165 (JDB)** |
| | ) |
| **MICHAEL B. MUKASEY,** | ) |
| **Attorney General of the United States** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, TO TRANSFER

### I.  INTRODUCTION

Plaintiff, an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a bureau within the United States Department of Justice, brings this employment discrimination action in this district, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, alleging that she was subjected to gender discrimination, as well as reprisal for opposing this alleged discrimination, retaliatory harassment and a hostile work environment.

For the reasons set forth below, plaintiff's lawsuit should be dismissed for improper venue because the District of Columbia is not where plaintiff worked or where any of the alleged discriminatory actions took place, it is not where the relevant employment records are maintained and it is not where plaintiff would have worked but for any of the supposed discrimination. Consequently, this Court should dismiss plaintiff's lawsuit or, alternatively, transfer this action to

the Eastern District of Virginia.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a).

## II. <u>STATEMENT OF FACTS</u>

1.      Plaintiff, Grace M. Reisling, a current resident of Alexandria, Virginia, was, at all times relevant to the allegations contained in the instant lawsuit, employed by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a bureau within the United States Department of Justice.  Plaintiff was employed in ATF as a GS-14 Senior Special Agent (SSA).  Complaint, ¶ 3.

2.      At all times relevant to the allegations contained in the instant lawsuit, plaintiff was a resident of Woodbridge, Virginia.  Complaint of Discrimination, attached hereto as Exhibit A.

3.      In September 2003, plaintiff was selected by ATF management for assignment to the Federal Bureau of Investigation ("FBI") Critical Incident Response Group ("CIRG"), located at the FBI Academy in Quantico, Virginia.  While assigned to the FBI's CIRG, plaintiff was specifically detailed to Behavioral Analysis Unit I ("BAU I"), located at the FBI Academy in Quantico, Virginia., within the Eastern District of Virginia.  Complaint, ¶ 11.

4.      Plaintiff's assignment to the FBI was effectuated by way of a letter of invitation from the FBI to ATF requesting the assignment of agents to the CIRG, a group within the National Center for the Analysis of Violent Crime ("NCAVC"), located at the FBI Academy in Quantico, Virginia, within the Eastern District of Virginia.  The agreement formalizing the assignment of ATF agents to the FBI CIRG stipulated that the FBI CIRG would provide "appropriate offices, office equipment, and other privileges to address their work."  Letter from FBI Academy/CIRG, Quantico, Virginia, dated June 7, 2002, attached hereto as Exhibit B.

2

5.     During the entire period of her assignment to the FBI's CIRG, from September 2003 until her reassignment back to ATF in December 2006, plaintiff performed her duties as a member of BAU I and her place of duty remained at all times in Quantico, Virginia, within the Eastern District of Virginia.  Complaint, ¶¶ 13, 33.

6.     At the beginning of plaintiff's assignment in the Eastern District of Virginia, her first-line supervisor was Unit Chief ("UC") Stephen Etter.  Subsequently, UC David Resch became plaintiff's first-line supervisor.  During the period that UC Resch was plaintiff's direct supervisor, Assistant Special Agent in Charge ("ASAC") John Hess served as plaintiff's second-line supervisor.  Complaint, ¶¶ 11, 22.

7.     On November 29, 2006, while assigned to the FBI CIRG and a member of BAU I, plaintiff presented a course of instruction at Marymount College in Arlington, Virginia.  Plaintiff gave this presentation without the prior approval of her direct supervisor, UC Resch.  Complaint, ¶¶ 14, 16-17.

8.     On July 10, 2006, and again on August 2, 2006, UC Resch sent an electronic mail message to all personnel assigned to BAU I, to include plaintiff, which indicated that his prior approval was required before any individual within the unit could commit to any training, presentation or other agency liaison engagement.  Electronic mail of July 10, 2006 and August 2, 2006, attached hereto as Exhibit C.

9.     On or about January 17 and 23, 2007, ATF management officials, to include Deputy Division Chief Mark Jones and Branch Chief Christopher Porreca, met with plaintiff's FBI CIRG supervisors, to include UC Resch and ASAC Hess, to discuss plaintiff's performance deficiencies and the desire of CIRG management officials to have plaintiff transferred from the

3

FBI and reassigned back to ATF.  Each of these meetings occurred at the FBI CIRG, located at the FBI Academy in Quantico, Virginia, within the Eastern District of Virginia.  Complaint, ¶¶ 27, 29 and 31.

10.    On January 26, 2007, a letter dated January 24, 2007, and signed by ASAC Hess, was sent via facsimile from the FBI CIRG in Quantico, Virginia, to ATF Headquarters requesting that plaintiff be reassigned due to the fact that she had "not been successful in her performance as an understudy arson/bombing profiler."  Complaint, ¶¶ 32-33.

11.    According to plaintiff, UC Resch and ASAC Hess committed unlawful discriminatory acts against her based upon her sex (female).  Complaint, ¶ 40.  Plaintiff has also alleged that Resch and Hess created an atmosphere of retaliatory harassment against plaintiff. Complaint, ¶ 43.

12.    The FBI CIRG is located at the FBI Academy, Quantico, Virginia, within the Eastern District of Virginia.  Plaintiff was assigned full-time to the FBI CIRG for a period of thirty-nine (39) months, October 2003 - January 2007, and the FBI CIRG constituted her place of duty.  Plaintiff was never employed with the FBI in the District of Columbia.  Nor at any time were any relevant records kept by the FBI regarding Plaintiff maintained in the District of Columbia.

## III. ARGUMENT

**A.    VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA.[1]**

As the Court of Appeals for this Circuit has cautioned: "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  Federal Rule 12(b)(3) of the Federal Rules of Civil Procedure permits this Court to dismiss actions for improper venue.  Likewise, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in a wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Id.  As the Supreme Court stressed, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."  Olberding v. Illinois Cent. R.R. Co., 346 U.S. 338, 340 (1953).

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the Court accepts the plaintiff['s] well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff['s] favor, and resolves any factual conflicts in the plaintiff['s] favor."  Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp.2d 1, 8 (D.D.C. 2003) (internal quotation marks and citations omitted); see also 2215 Fifth St. Assocs. v.

---

[1] This Court may consider facts outside of the pleadings (without converting the motion to one for summary judgment) when adjudicating a motion to dismiss for improper venue pursuant to F. R. Civ. P. 12(b)(3).  See R.A. Argueta v. Banco Mexicana, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

U-Haul Intern., Inc., 148 F.Supp.2d 50, 54 (D.D.C. 2001) (stating that courts will grant a 12(b)(3) motion if "facts [are] presented that...defeat [the] plaintiff's assertion of venue") (citation omitted). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp.2d 52, 56 (D.D.C. 2003) (citations omitted).

1.    **Venue in actions under 42 U.S.C. § 2000e-16 is governed by 42 U.S.C. § 2000e-5(f), which limits venue to the location of the acts, records, or positions on which the complaint is based, if the defendant can be found there.**

Title VII provides the exclusive avenue for claims of employment discrimination by federal government employees. 42 U.S.C. § 2000e-16; Brown v. GSA, 425 U.S. 820, 832 (1976). Pursuant to 42 U.S.C. § 2000e-16(d), Title VII actions against the federal government are controlled by a special venue provision, 42 U.S.C. § 2000e-5(f)(3). In her Complaint, Plaintiff relies upon 28 U.S.C. ¶ 1391(e).[2] Accordingly, plaintiff's Complaint relies upon the improper statute. See Complaint, ¶ 2.

42 U.S.C. § 2000e-5(f)(3) provides as follows:

[A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Under this provision, a Title VII plaintiff must bring an employment discrimination

---

[2] Thus, it is undisputed in this case that 28 U.S.C. § 1391(e)'s general venue provision does not provide a separate basis for venue. See 28 U.S.C. § 1391(a) (provision applicable "except as otherwise provided by law"); see also Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586 (9th Cir. 1991). Accord Spencer v. Rumsfeld, 209 F. Supp. 2d 15, 17 (D.D.C. 2002).

complaint in one of the judicial districts identified under the first three options if the respondent

can be "found" in that district.  Only if the respondent cannot be found in any such district may

the plaintiff file suit within the district in which the respondent has its principal office.  See

Shipkovitz v. Mosbacher, 1991 WL 251864 (D.D.C. 1991), aff'd, 1992 WL 394489 (D.C. Cir.

1992) (a plaintiff may file in the district where defendant makes its headquarters *if* he cannot file

where actions occurred, where records are kept, or where he would have worked); Mackey v.

Sullivan, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991) (plaintiff may only bring suit in judicial

district where agency has its principal office if none of the other venue requirements of Title VII

can be met).  As the Court explained in Spencer, Congress intended to limit venue in Title VII

cases to those jurisdictions concerned with the alleged discrimination, and the venue

determination must be based on a "commonsense appraisal" of how the events in question arose.

Spencer, 209 F. Supp.2d at 17-19; see also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F.

2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co.,

546 F. Supp. 661, 663 (D.D.C. 1982).

In the case at bar, although plaintiff attempts to rely on the first, second and fourth prongs

of the venue provision, none of the three venue options described in 42 U.S.C. **§** 2000e-5(f)(3)

permit venue in the District of Columbia.[3]  Plaintiff fails to satisfy each of the enumerated prongs

and may not rely on the fourth prong because there are other proper venues identified by the first

three parts of the statute such that the fourth, catch-all provision, is inapplicable to her complaint.

---

[3]Paragraph 2 of the Complaint alleges that defendant "maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia" and "because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia."

Each of the prongs are addressed below.

      **2.**      **The unlawful employment practices are alleged to have been committed in Quantico, Virginia, where Plaintiff worked, not in the District of Columbia.**

The first venue option is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). With reference to this provision, this Circuit has stated that Congress's intent to "limit venue to the judicial district concerned with the alleged discrimination seems clear." Stebbins, 413 F. 2d 1100 at 1102. Therefore, the Court must look first to "the place where the decisions and actions concerning the employment practices occurred." Hayes, 546 F. Supp. at 663.

Plaintiff never worked for the FBI in the District of Columbia, nor was she ever assigned to any place of duty within the District of Columbia. Cantamessa Dec., ¶¶ 7, 10. Nor were any employment decisions by the FBI made in the District of Columbia. Plaintiff's Complaint identifies Unit Chief David Resch, BAU I, of the FBI's Critical Incident Response Group, and Assistant Special Agent in Charge John Hess, FBI Critical Incident Response Group, as the two principal FBI management officials who allegedly discriminated against her. Neither Mr. Resch nor Mr. Hess worked in the District of Columbia.

In this case, *all* of the alleged discriminatory actions purportedly occurred in the Eastern District of Virginia. Specifically, Plaintiff alleges that:

      a.      On December 13, 2006, Plaintiff's first-line supervisor UC Resch informed her that she needed to obtain his prior approval before instructing courses at Marymount College in Arlington, Virginia. Complaint, ¶ 16.

      b.      On or about December 16, 2006, ASAC Hess made adverse comments regarding Plaintiff's professionalism and past job performance to Dr. Kristin Beyer, BAU 3, FBI CIRG. Complaint, ¶¶ 19-20.

    c.      On or about December 14, 2006, and January 5, 17, 23 and 24, 2007, and including other dates and instances, UC Resch and ASAC Hess made contrived and false adverse allegations regarding Plaintiff's performance of duties to ATF officials and to non-supervisory FBI personnel.  Complaint, ¶ 21.

    d.      UC Resch engaged in a pattern of hostile behavior toward female employees in the Behavioral Analysis Unit.  ASAC Hess was aware of this pattern of hostile behavior by UC Resch, and as his direct supervisor, refused to take corrective action regarding this conduct.  Complaint, ¶ 22.

    e.      UC Resch directly contacted ATF management officials to complain of Plaintiff's performance deficiencies, complaints which Plaintiff avers were false and unwarranted.  Complaint, ¶ 25.

    f.      On or about January 20, 2007, UC Resch provided an example of Plaintiff's conduct and performance which he described to ATF management officials as "borderline insubordination," a charge which Plaintiff claims to have been false and contrived.  Complaint, ¶ 29.

    g.      In a letter dated January 24, 2007, ASAC Hess, FBI CIRG, requested that ATF officials reassign Plaintiff from her assignment to the FBI CIRG due to the fact that she had "not been successful in her performance as an understudy arson/bombing profiler."  Complaint, ¶ 32.

    h.      Subsequent to her reassignment on January 26, 2007, ASAC Hess, FBI CIRG, and UC Resch, BAU 1, FBI CIRG, communicated adverse and false comments regarding Plaintiff's work performance and reasons for departure from her FBI position within BAU 1, FBI CIRG.  Complaint, ¶ 34.

    i.      FBI ASAC Hess and FBI UC Resch failed to provide factually correct input into Plaintiff's performance appraisal for the last months of her service with the FBI.  Complaint, ¶ 36.

Notably, not a single one of these alleged incidents of discrimination or retaliation is alleged to have occurred in the District of Columbia.  Rather, these alleged incidents occurred, if at all, in Quantico, Virginia, within the Eastern District of Virginia, where Plaintiff worked during the entire period relevant to her complaint.  Hence, consistent with Plaintiff's own allegations, the locus of the alleged unlawful employment practices is the Eastern District of Virginia.

9

Even assuming, <u>arguendo</u>, that a few of the events at issue had occurred in the District of Columbia, that would not be sufficient to make venue proper in this Court.  As this Court has stated: "Venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside Washington even though actions taken in the District of Columbia 'may have had an impact on plaintiff's situation.'" <u>Mackey v. Sullivan</u>, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991), citing <u>Donnell v. National Guard Bureau</u>, 568 F. Supp. 93, 94 (D.D.C. 1983).  As the Court in <u>Donnell</u> advised, Title VII venue determinations should involve a common sense appraisal of the events having operative significance in the case.  Id.  Clearly, the focus of Plaintiff's Complaint is the treatment she allegedly received at the hands of FBI CIRG supervisors while on a protracted assignment to the FBI CIRG in Quantico, Virginia.

     **3.**     **The employment records relevant to the alleged unlawful employment practices, if any, are maintained in the Eastern District of Virginia, not in the District of Columbia.**

The second venue option is "the judicial district in which the employment records relevant to such [unlawful employment] practices are maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  The Complaint does not identify *any* relevant employment records that were maintained and administered in the District of Columbia.  At no time were any records regarding Plaintiff maintained by the FBI in the District of Columbia.  Cantamessa Dec., ¶¶ 4-6, 8-9, 11-12.

During the entire period relevant to this Complaint, Plaintiff was on assignment from ATF to the FBI.  While its principal place of business is FBI Headquarters, Washington, D.C., the FBI does not maintain the official personnel files of its employees at its Headquarters.  Rather, the FBI maintains the official personnel files of its employees at the Alexandria Records

Center, in Alexandria, Virginia. <u>Id</u>. at ¶¶ 4, 6. This, however, is of no significance to the case at

bar. Plaintiff remained an ATF employee for administrative purposes throughout the period of

her assignment to the FBI. As such, the FBI did not administer or maintain an official personnel

file or employment record for Plaintiff in the District of Columbia, or anywhere for that matter.

The only employment record maintained by the FBI regarding Plaintiff was a supervisor's file

maintained by Plaintiff's first-line supervisor, which would contain items such as congratulatory

letters received from outside agencies regarding an employee, training certificates and other

similar documents. This file was maintained locally at the FBI CIRG in Quantico, Virginia, and

was the *only* employment-related file that was ever generated by the FBI regarding Plaintiff.

Because Plaintiff was in a temporary duty assignment ("TDY") status over the duration of her

three year tenure with the FBI, the FBI was never responsible for preparing Plaintiff's

performance appraisal during the period relevant to the Complaint. That ATF maintained

Plaintiff's official personnel records at its Washington, D.C. headquarters is irrelevant to the

venue determination, since the pertinent inquiry is whether the "employment records *relevant to*

*such practice*" are maintained and administered in the judicial district where a plaintiff seeks

venue. 42 U.S.C. ¶ 2000(e)-5(f)(3). Thus, venue is inappropriate in the District of Columbia as

to any of Plaintiff's claims of discrimination.

Even if Plaintiff claimed venue in the District of Columbia on the ground that Defendant

may maintain some personnel records here, such a basis for venue would be insufficient. <u>See</u>

<u>Washington v. General Elec. Corp.</u>, 686 F. Supp. 361, 363 (D.D.C. 1988) (Congress did not

intend to make venue proper in any judicial district in which employment records are found but

rather intended venue where the master set of employment records are maintained <u>and</u>

11

administered).  In <u>Counts v. Reno</u>, 1996 WL 148510 (D.D.C. 1996), the District Court for the

District of Columbia rejected the plaintiff's claim that venue was proper in the District due to the

FBI's maintenance of copies of personnel records at FBI Headquarters.  The Court found that the

relevant records regarding the alleged unlawful practices at issue in that complaint were

maintained and administered in the FBI's field office.  The Court applied a "common sense

appraisal" of the facts and events as alleged by the plaintiff in making its venue determination.

<u>Compare</u> <u>Blazy v. Woolsey</u>, 1994 WL 90341 (D.D.C. 1994) (denying venue in the District of

Columbia when substantial factual dispute existed as to location of relevant files since it was

clear that venue would be proper in Virginia).  A common sense approach should be applied to

this case and lead to the same result.

Moreover, the mere fact that the Attorney General has his office in the District of

Columbia is an insufficient basis for establishing venue under Title VII.  <u>See</u>, <u>e.g.</u>, <u>Ramos De</u>

<u>Almeida v. Powell</u>, 2002 WL 31834457, at *2 (S.D.N.Y. Dec. 16, 2002) (Title VII's specific

venue provisions limit venue to judicial districts that have a connection with the alleged

discrimination).  Here the Attorney General is sued in his official capacity and the location of his

office is irrelevant to this case.

**4.      Plaintiff would not have worked in this District but for the alleged unlawful
employment practices**.

The third venue option is "the judicial district in which the aggrieved person would have

worked but for the alleged unlawful employment practice."  42 U.S.C. **§** 2000e-5(f)(3).  None of

the allegations assert that Plaintiff would have worked in Washington, D.C., but for the alleged

discrimination.  The only place of employment at issue here, actual or sought, is Virginia.  In

fact, as reflected in Exhibit B, the arrangement between ATF and the FBI's CIRG regarding

Plaintiff's assignment fully contemplated that Plaintiff would become a fully integrated member

of the CIRG and effectively maintain a permanent place of duty at the FBI Academy in Quantico,

Virginia.  That the long-term assignment in Quantico, Virginia was envisioned by both the FBI

and Plaintiff is reflected by the fact that Plaintiff maintained a residence in neighboring

Woodbridge, Virginia (See Exhibit A), rather than merely commute from the more immediate

Washington, D.C. metropolitan area, and by the fact that Plaintiff was assigned as an understudy

arson and bombing profiler with the hope that she would eventually replace ATF Senior Special

Agent Tunkel who had been assigned to the FBI CIRG on a "TDY" status for 10 years.

    The factual underpinning of this case makes it abundantly clear that the District of

Columbia is an improper venue.  In S.K. Varma v. Gutierrez, 421 F.Supp.2d 110 (D.D.C. 2006),

this Court recently considered a government agency's Rule 12(b)(3) challenge to the plaintiff's

assertion of venue in the District of Columbia.  Applying the criteria set forth in 42 U.S.C. **§**

2000e-5(f)(3), the Court determined that venue was improper in the District of Columbia.  The

Court first observed that the alleged unlawful employment practices all occurred entirely within

the Commonwealth of Virginia.  Secondly, it was noted that the relevant employment records

were kept in Virginia.  The Court also recognized that the plaintiff made no allegation that she

would have worked in the District of Columbia but for the alleged unlawful employment

practices.  Lastly, the Court concluded that resort to the final provision of 42 U.S.C. **§** 2000e-

5(f)(3) was unnecessary because the defendant could be found in the Eastern District of Virginia,

where the action could have been filed.  Id. at 114.  See also Orr v. Gonzales, 447 F. Supp.2d 1

(D.D.C. 2006); Davis v. Am. Soc'y of Civil Eng'rs, 290 F.Supp.2d 116 (D.D.C. 2003) (finding

13

District of Columbia improper venue for federal employment discrimination claims and then

transferring action to the Eastern District of Virginia).

**B.    THIS CASE SHOULD BE DISMISSED FOR IMPROPER VENUE.**

When an action is filed in an improper venue, the Court must either dismiss it outright or

transfer it to another judicial district where proper venue exists.  As provided in 28 U.S.C. §

1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division
> or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any
> district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).  The decision whether to transfer or dismiss a case that

has been filed in an improper jurisdiction rests in the sound discretion of the district court.

Stewart Organization, Inc., v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v.

Watt, 722 F. 2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller

& Cooper, Federal Practice and Procedure § 3827 at 170 (1976)).  In Title VII cases, the district

court has the same discretion to dismiss rather than transfer such a case.  Hayes, 546 F. Supp. at

665; Washington v. General Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988).  Dismissal is

appropriate in the case at bar.

In the instant lawsuit, the District of Columbia has no nexus to the events giving rise to

Plaintiff's allegations.  In fact, it is factually erroneous for Plaintiff to claim, as she does in her

Complaint, that "the primary actions complained of either occurred within or were directed

within the geographical boundaries of the District of Columbia."  See Complaint, ¶ 2.  There is

no support for this assertion.  Instead, venue is principally supportable in the Eastern District of

Virginia, the location of the office where Plaintiff worked while assigned to the FBI's CIRG,

14

located in Quantico, Virginia, during the relevant time period. It is in the Eastern District of

Virginia where the alleged discriminatory employment actions occurred, and it is the location of

the office where Plaintiff would have worked had she not been reassigned back to ATF at the

request of FBI CIRG supervisors. Plaintiff inappropriately alleges venue in the District of

Columbia. "The statutory venue requirements of Title VII actions must be construed to exclude

the employer's principal place of business as a venue choice when the defendant can be brought

before the court in one of the other alternative judicial districts specified in 42 U.S.C. **§** 2000e-

5(f)(3)." Minnette v. Time Warner, 997 F. 2d 1023, 1026 (2d Cir. 1993).

**C.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA UNDER 28 U.S.C. § 1404(a).**

Even if the Court were to somehow find that venue is proper in the District of Columbia,

the case nevertheless should be transferred to the District Court for the Eastern District of

Virginia for the convenience of the parties and witnesses and in the interests of justice. See

Darby v. United States Department of Energy, 231 F. Supp. 274 (D.D.C. 2002). Under §

1404(a), an employment discrimination action may be transferred from the district in which it is

brought, even though that may be a district in which venue could lie pursuant to  42 U.S.C. **§**

2000e-5(f)(3), for the convenience of the parties and witnesses, and in the interests of justice.

See also In re Horseshoe Entertainment, 337 F.3d 429, 435 (5th Cir. 2003) (assuming district

where former employee lived at time suit was filed was a possible venue for suit, it was abuse of

discretion for district court to deny former employer's motion to transfer venue in employment

discrimination case from that district to district where employment records were kept, where the

discriminatory acts allegedly occurred, and where the plaintiff would have worked but for the

allegedly discriminatory acts); <u>Casarez v. Burlington Northern/Santa Fe Co.</u>, 193 F.3d 334, 339

(5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a),

for the convenience of the parties and witnesses and in the interests of justice, to district where,

<u>inter alia</u>, majority of fact witnesses lived and personnel files were kept).

Pursuant to 28 U.S.C. § 1404(a), a case that is properly filed in a particular jurisdiction

may be transferred to another, more convenient, jurisdiction in the following circumstances:

> For the convenience of the parties and witnesses, in the interests of justice, a district court
> may transfer any civil action to any other district or division where it might have been
> brought.

28 U.S.C. § 1404(a) (2001).  The decision to transfer a case to another district is discretionary

and involves a "factually analytical, case-by-case determination of convenience and fairness."

<u>SEC v. Savoy Industries</u>, 587 F.2d 1149, 1154 (D.C. Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 913

(1979).  Consistent with this standard, federal courts have articulated three requirements with

respect to such a transfer: (1) that a judicial district exists in which the case might have been

properly brought; (2) that the convenience of the parties and witnesses would be better served in

an alternative judicial district; and (3) that the interests of justice would be better served in an

alternative judicial district.  <u>SEC v. Page Airways, Inc.</u>, 464 F. Supp. 461, 463 (D.D.C. 1978).

All three requirements are met in the present action.

First, as shown above, the Title VII statute explicitly dictates that this case be brought in

the Eastern District of Virginia, where the alleged discriminatory employment actions occurred.

<u>See</u> 42 U.S.C. § 2000e-5(f)(3).  Second, with all of the events having occurred in the Eastern

District of Virginia, as well as all of the witnesses being located in the Eastern District of

Virginia (both in terms of permanent duty assignment in Quantico, Virginia and place of

residence), and the only relevant FBI administered and maintained file kept at Quantico,

Virginia, the convenience of Defendant and the witnesses clearly would be better served if the

case were heard in the Eastern District of Virginia.  This Court consistently has transferred

actions to alternative judicial districts when the majority of the witnesses live in or near the

transferee forum.  See, e.g., Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311 (D.D.C.

1991); Securities & Exchange Comm'n v. Ernst & Young, 775 F. Supp. 411 (D.D.C. 1991).

   For the same reasons, Plaintiff cannot claim any greater convenience in pursuing the case

in the District of Columbia.  See Stewart v. Capitol Area Permanente Medical Group, 720 F.

Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is

outside plaintiff's home jurisdiction).  Plaintiff's claims arose in the Eastern District of Virginia,

and the relief she seeks will not be imposed (if at all) in the District of Columbia.  See Franklin

v. Southern Railway Co., 523 F. Supp. 521, 523 (D.D.C. 1981) (where action has little contact

with chosen forum, plaintiff's selection is less important); Packer v. Kaiser Foundation Health

Plan, 728 F. Supp. 8 (D.D.C. 1989).  See also Hotel Constructors, Inc. v. Seagrave Corp., 543 F.

Supp. 1048, 1050 (N.D. Ill. 1982) (citations omitted) ("Although under the common law doctrine

of forum non conveniens, plaintiff's choice of forum was an overriding factor entitled to

considerable weight, the significance of that choice has diminished since the enactment of §

1404(a).  Additionally, plaintiff's choice of forum has reduced value where the forum lacks any

significant contact with the underlying cause of action.").

   Finally, the interests of justice would be better served if the case were to be adjudicated in

the Eastern District of Virginia.  The convenience achieved by the transfer also would mean

greater judicial economy for a Virginia-based suit, and the District Court for the Eastern District

17

of Virginia would certainly be better situated to address Plaintiff's claims for equitable relief.

Given all these factors, the case should be transferred to the District Court for the Eastern District

of Virginia.

## IV.  <u>CONCLUSION</u>

Venue for adjudication of Plaintiff's claims is improper in this district because: (1) the

alleged unlawful employment practices are alleged to have been committed in Quantico,

Virginia; (2) the relevant employment records were not, and continue not to be, maintained and

administered in the District of Columbia; (3) Plaintiff does not allege, and could not support an

allegation, that she would have worked in the District of Columbia but for the alleged unlawful

employment practices; and (4) Defendant can be found in a proper venue.  Therefore, pursuant to

28 U.S.C. § 1406(a), this Court should dismiss Plaintiff's Complaint, or in the alternative,

transfer it to the United States District Court for the Eastern District of Virginia.  Even if the

Court finds that venue in the District of Columbia is proper, the case should be transferred to the

Eastern District of Virginia for the convenience of the parties and the witnesses, and in the

interests of justice, under 28 U.S.C. § 1404(a).

Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

18

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-6078

Of Counsel:
JON A. MELLIS
Assistant General Counsel
Federal Bureau of Investigation

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **GRACE M. REISLING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-02165 (JDB)** |
| ) | |
| **MICHAEL B. MUKASEY,** ) | |
| **Attorney General of the United States** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

---

## ORDER

_____Upon consideration of Defendant's Motion to Dismiss Or, In the Alternative, To

Transfer, the supporting memorandum of points and authorities, Plaintiff's Opposition thereto,

Defendant's Reply, and the entire record herein, it is this _____day of _____, 2008,

ORDERED, that for the reasons stated in Defendant's memorandum of points and

authorities and Reply, Defendant's motion be, and hereby is, GRANTED, and it is further,

ORDERED, that Plaintiff's Complaint be, and hereby is, DISMISSED for improper

venue.

_____
United States District Court Judge

Exhibit A

U.S. Department of Justice

## Complaint of Discrimination
*(see instructions on reverse)*

PRIVACY ACT STATEMENT: 1. AUTHORITY-The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE and USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual-harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to indicate an investigation will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

**1. Complainant's Full Name** GRACE MERLE REISLING

Street Address, RD Number, or Post Office Box Number
5613 SHADYBROOK DRIVE

City, State and Zip Code
WOODBRIDGE, VA  22193

**2. Your Telephone Number** *(including area code)*

Home (703) 670-2288

Work (202) 345-9241

**3. Which Department of Justice Office Do You Believe Discriminated Against You?**
F.B.I.

**4. Current Work Address** A.T.F.  , ROOM 5000
650 MASSACHUSETTS AVE. NW
WASHINGTON, D.C. 20226

A. Name of Office Which You Believe Discriminated Against You.

CRITICAL INCIDENT RESPONSE GROUP

BEHAVIORAL ANALYSIS UNIT 1

B. Street Address of Office

F.B.I. ACADEMY

C. City, State and Zip Code

QUANTICO, VA 22135

A. Name of Agency Where You Work

A.T.F.

B. Street Address of Your Agency

650 MASSACHUSETTS AVE., N.W.

City, State and Zip Code

WASHINGTON, D.C. 20226

Title and Grade of Your Job

SPECIAL AGENT  GS14

**5. Date on Which Most Recent Alleged Discrimination Took Place**

| Month | Day | Year |
|-------|-----|------|
| 01 | 24 | 2007 |

**6. Check Below Why You Believe You Were Discriminated Against?**

☐ Race or Color *(Give Race or Color)* _____
☐ Religion *(Give Religion)* _____
☒ Sex *(Give Sex)* ☐ Male ☒ Female
☐ Sexual Harassment
☐ Age *(Give Age)* _____
☐ National Origin *(Give National Origin)* _____
☐ Disability ☐ Physical ☐ Mental

☐ Sexual Orientation

☒ Reprisal

☐ Parental Status

☐ Class Complaint

**7. Explain how you were discriminated against** *(Treated differently from other employees or applicants)* Because of Your Race, Color, Religion, Sex, Age, Handicap, Reprisal, or National Origin *( You may continue your answer on anther sheet of paper if you need more space).*

(SEE ATTACHED PAGE)

**8. What Corrective Action Do You Want Taken on Your Complaint?**

REINSTATEMENT TO POSITION UNDER DIFFERENT SUPERVISORS.

**9. A) I Have Discussed My Complaint With an Equal Employment Opportunity Counselor and/or other EEO Official:** ATF, EEO COMPLAINTS MANAGER, MS. MARCITA ALEXANDER
FBI, EEO COUNSELOR, MS. MADELINE LEWIS

DATE OF FIRST CONTACT WITH
EEO OFFICE:
ATF = 01/08/07
FBI = 01/24/07

**B. Name of Counselor:**

DATE OF RECEIPT OF NOTICE OF FINAL INTEVIEW WITH EEO COUNSELOR
03/13/07

☐ I Have Not Contacted an EEO Counselor

**10. Date of This Complaint:** 03/14/2007

**11. Sign Your (Complainant's) Name Here:**

COPY

Exhibit B



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

FBI Academy / CIRG
Quantico, Virginia   22135
June 7, 2002

Guy K. Hummel
Chief, Arson and Explosives
Programs Division
650 Massachusetts Avenue, NW
Washington, DC  20226-0013

Dear Mr. Hummel:

        The Federal Bureau of Investigation, and more
particularly, our National Center for the Analysis of Violent
Crime (NCAVC) has enjoyed a close working relationship with the
Bureau of Alcohol, Tobacco and Firearms (ATF) agents for over
fifteen years.  The expertise provided by these agents has
greatly enhanced our ability to assist the national and
international law enforcement community, specifically in the area
of arson and bombing investigations.  We commend your agency and
the agents responsible for their significant contributions in our
efforts to fight violent crime.

        I am in receipt of your May 14, 2002, letter and your
generous offer to assign two additional ATF special agents to the
NCAVC.  We would welcome the opportunity to expand the NCAVC's
level of service offered through the geographic profiler position
you have proffered.  Your assignment of a second agent to
understudy the profiling process and manage the arson and bombing
research projects is also graciously accepted.  As in the case
with ATF agents Kevin Kelm and Ron Tunkel who are assigned to the
NCAVC, we will provide the new selected agents with appropriate
offices, office equipment, and other privileges necessary to
address their work.


1 - UC Larry G. Ankrom, BAU-West
1 - 252B-IR-A5357
(3) dc

File 6/13/02

LGA/

Guy K. Hummel

       I would encourage you or a representative of your staff to contact Unit Chief Larry G. Ankrom at (703) 632-4257 to coordinate the arrival and logistical requirements of those you select to join our NCAVC team.

                   Sincerely yours,

                   SRW/

                   Stephen R. Wiley
                   Special Agent in Charge
                   Critical Incident Response Group

Exhibit C

## RESCH, DAVID T. (IR) (FBI)

**From:**      RESCH, DAVID T. (IR) (FBI)
**Sent:**      Monday, July 10, 2006 12:39 PM
**To:**        IR_BAU1
**Subject:**   Non-operational requests

**UNCLASSIFIED**
**NON-RECORD**

All,
If you are entertaining a request to train, present, attend other agency liaison and/or HQ coordination meetings, etc. - give me the details by email before we commit to it.  We will talk more about this in the unit meeting on Thursday.
Dave

**UNCLASSIFIED**

1

## RESCH, DAVID T. (IR) (FBI)

**From:**          RESCH, DAVID T. (IR) (FBI)
**Sent:**          Wednesday, August 02, 2006 8:59 AM
**To:**            IR_BAU1
**Cc:**            HESS, JOHN J. (IR) (FBI)
**Subject:**       No Thursday Unit meeting

**UNCLASSIFIED**
**NON-RECORD**

I will here reiterate the email I sent to all on 7-10-2006.
All,
If you are entertaining a request to train, present, or attend other agency liaison and/or HQ coordination meetings, etc. - give me the details by email before we commit to it.  We are currently fighting to meet operational requests without killing our people and we have over 100 assigned leads over 90 days delinquent.  It is my job to prioritize and assign the requests that come in so that those who are carrying a heavy operational load have an opportunity to occasionally share that load and take a break to address the lighter issues.
David

**UNCLASSIFIED**

1

# Declaration of Janet R. Cantamessa

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GRACE M. REISLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-02165 (JDB) |
| | ) | |
| MICHAEL B. MUKASEY, | ) | |
| Attorney General of the United States | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JANET R. CANTAMESSA

I, JANET R. CANTAMESSA, hereby declare as follows:

1. I am the Unit Chief (UC) for the Administrative Management Unit at the Federal Bureau of Investigation's (FBI), Critical Incident Response Group (CIRG), located in Stafford, Virginia. I have held this position since December 1, 2006. I have been employed by the FBI since September 23, 1979. During my tenure with the FBI, I have held numerous positions in the area of human resources and personnel matters.

2. As the UC for the Administrative Management Unit, I am responsible for oversight of personnel practices, including general employment, merit promotion, payroll and employee benefits for personnel assigned to the FBI CIRG.

3. As the UC for the Administrative Management Unit, I am the management official responsible for all official personnel records maintained at the CIRG concerning FBI employees assigned to the CIRG.

4. The official personnel records concerning FBI employees are maintained by the FBI at its Alexandria Records Center (ARC), located in Alexandria, Virginia.

5. At all relevant times, the FBI CIRG has been located in Stafford, Virginia with a mailing address of Quantico, Virginia, both of which are in the Eastern District of Virginia.

6. As a routine business practice, the Human Resources Division at FBI Headquarters is responsible for the official personnel records concerning currently employed and recently separated FBI employees, which are maintained at the ARC in Alexandria, Virginia.

7. Grace M. Reisling was assigned to the FBI CIRG from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in a temporary duty (TDY) status from October 2003 to January 2007. At all times during her TDY assignment to the FBI CIRG, Reisling remained an employee of the ATF.

8. FBI Headquarters does not maintain official personnel records for employees assigned to the FBI from another government agency in a TDY status.

9. FBI Headquarters does not currently maintain, nor has it ever maintained, any official personnel records regarding plaintiff, Grace M. Reisling.

10. At no time was Reisling assigned to any FBI division or unit located in the District of Columbia. Moreover, at no time was Reisling employed by the FBI.

11. The only employment "record" regarding Reisling that is maintained by the FBI is an unofficial folder that is kept by the TDY employee's supervisor and is used to preserve any documentation that may be received from outside agencies regarding that employee's performance, or other documents such as certificates for courses completed as part of an employee's official training. In the case of plaintiff Reisling, this supervisor's folder was, at all relevant times, maintained at the FBI CIRG in Quantico, Virginia.

2

12. At all relevant times, none of Reisling's employment records with the FBI were maintained in the District of Columbia.

13. The FBI has historically had agents from the ATF assigned to the CIRG on a TDY basis. A number of these ATF agents have remained in a TDY status for a prolonged period of time, to include periods exceeding ten years. At no time was any ATF agent's status, to include those with extended periods of assignment, ever changed from a TDY and at no time has the FBI maintained an official personnel record for any ATF employee assigned to the FBI in a TDY status. The only FBI personnel record kept for an ATF agent assigned TDY to the CIRG would be the supervisor's file maintained at the CIRG, in Quantico, Virginia.

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge.

Executed on: February 29, 2008

JANET R. CANTAMESSA
Unit Chief, Administrative Management Unit
Federal Bureau of Investigation
Critical Incident Response Group
Quantico, Virginia

3